**In the Matter of Bethany L. BRAMLETT, SSN: XXX–XX–XXXX, Debtor(s).**

**No. 12–81732–JAC–13.**

United States Bankruptcy Court, N.D. Alabama, Northern Division.

Sept. 6, 2012.

John Zingarelli, John Zingarelli Att at Law, Decatur, AL, for Bethany L. Bramlett.

## ORDER

JACK CADDELL, Bankruptcy Judge.

On August 13, 2012, this case came before the Court on objection to confirmation filed by creditor, Title Max of Alabama, Inc. ("TitleMax") on the grounds that the debtor's plan impermissibly attempts to extend the statutory redemption period for debtor's 2005 Chevrolet Impala. On the date of the hearing, the Court took the matter under advisement and allowed the parties additional time to file briefs. After reviewing the pleadings filed by the parties and applicable law, the Court finds that the objection to confirmation filed by TitleMax is due to be sustained.

On April 6, 2012, the debtor entered into a title pawn agreement with TitleMax and surrendered her title to a 2005 Chevrolet Impala. Pursuant to the terms of the contract, the amount due on the maturity date, May 6, 2012, to redeem the title pawn was $2,866.74. The debtor failed to pay this amount, on or before the maturity date and by statute then had an additional thirty days to redeem the vehicle. ALA. CODE § 5–19A–6. Instead, on May 31, 2012, the debtor filed the above styled petition after the maturity date but before her right to redeem expired.

The debtor asserts that an agent of TitleMax orally agreed to further extend the terms of the contract until June 1, 2012, but instead repossessed the vehicle on the same evening that TitleMax agreed to the extension. Postpetition, TitleMax returned the vehicle to the debtor, but now objects to confirmation and seeks an order declaring that the vehicle is not property of the estate.

This Court has previously held in *Geddes v. Mayhall Enterprises, LLC, (In re Jones)*, 304 B.R. 462 (Bankr.N.D.Ala.2003) that a debtor no longer has any interest in a pawned vehicle and cannot modify a pawn broker's rights by curing the default through a Chapter 13 plan where a pawn contract has fully matured and the right to redeem has expired prepetition. The case before the Court is slightly different in that on the petition date the pawn contract had matured, but the thirty day statutory redemption period had not expired. Alternatively, the contract matured one day after the petition date according to the debtor's argument that an agent of TitleMax orally agreed to extent the terms of the contract until June 1, 2012. Under either circumstance, it is uncontroverted that the debtor's right of redemption had not expired on the petition date. The Court addressed such situations in *Jones* stating that had the debtor filed bankruptcy before his statutory right to redeem expired, the debtor would have been permitted to pay the pawnbroker in one lump-sum payment within the allotted time.

■ The debtor argues that *Jones* is distinguishable on two accounts. First, the debtor argues that the transaction at issue was not a pawn transaction. The debtor cites the case of *Floyd v. Title Exchange & Pawn of Anniston*, 620 So.2d 576 (Ala.1993) in which the Alabama Supreme Court recognized that Alabama's Pawn Shop Act allows for the possibility for a pawnbroker to retain constructive possession of a pawned vehicle through the actual physical possession of a set of keys to the vehicle and the endorsed, negotiable certificate of title to same. However, in this instance, the debtor argues that TitleMax's contract forecloses the assertion of constructive possession because the contract explicitly states that TitleMax will

retain "possession of the TITLE to the motor vehicle ONLY, not the actual motor vehicle." The debtor further asserts that the contract "makes no claim to constructive possession of the automobile." However, a review of the contract reveals Title-Max did retain constructive possession of the vehicle at issue as the contract reads in part as follows:

> We agree to loan you *$2,582.88* ("Principal Loan Amount"), hold title to the pledged goods for thirty days until *5/06/2012* (the "Maturity Date") and **obtain constructive possession of the pledged goods. If this is your initial transaction then you agree to deliver to us the Motor Vehicle's Certificate of Title endorsed in blank and keys for the pledged goods.**

[emphasis added]

The term pledged goods is defined elsewhere in the contract as the vehicle identified in the contract, i.e. the 2005 Chevrolet Impala. Thus, the Court finds that the transaction at issue is clearly a pawn transaction under Alabama law as Title-Max retained constructive possession of the vehicle pursuant to the terms of its contract.

Second, the debtor argues that she maintained contractual rights in the collateral through the time that the bankruptcy was filed and that same can be modified and paid through the debtor's Chapter 13 plan pursuant to § 1322(b)(2). The debtor cites one case in support of her position, *In re Lopez*, 163 B.R. 189 (Bankr. D.Colo.1994), in which the bankruptcy court held that a pawn agreement could be modified where the debtor filed bankruptcy before the pawn contract matured.

In the case of *Moore v. Complete Cash Holdings (In re Moore)*, 448 B.R. 93 (Bankr.N.D.Ga.2011), Judge Bonapfel cited *In re Lopez* disapprovingly, as well as other cases allowing a Chapter 13 debtor to exercise a right of redemption through a Chapter 13 plan, and explained that given the Eleventh Circuit's ruling in *Charles R. Hall Motors, Inc. v. Lewis (In re Lewis)*, 137 F.3d 1280 (11 th Cir.1998), a Chapter 13 plan cannot properly deal with pawned property in this fashion. Instead, under *Lewis*, a debtor must take "affirmative steps" in the Eleventh Circuit to exercise the right of redemption.

If a debtor's redemption rights have not expired at the time of filing, several courts in this circuit have held that the provisions of 11 U.S.C. § 108(b) extend the time for redemption for 60 days after the filing date of the petition. *See Moore v. Complete Cash Holdings (In re Moore)*, 448 B.R. 93, 102 (Bankr.N.D.Ga.2011); *Miller v. GEM Financial Services (In re Miller)*, 2008 WL 7842089 (Bankr.N.D.Ga.2008), *Oglesby v. Title Max (In re Oglesby)*, 2001 WL 34047880 (Bankr.S.D.Ga.2001). Section 362(a) does not further toll the running of the redemption period. *See Oglesby v. Title Max (In re Oglesby)*, 2001 WL 34047880 (Bankr.S.D.Ga.2001).

In the present case, the extended time for redemption under § 108 expired on July 31, 2012, sixty days following the petition date. At this point, the debtor has not tendered the redemption amount due under the contract and the redemption period has expired.

Based upon the forgoing, it is **ORDERED, ADJUDGED AND DECREED** that the objection to confirmation filed by TitleMax is sustained.